IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOE MARION FRANKLIN, et al.,     §
                                    §
            Plaintiffs,     §
                                    §  Civil Action No. 3:12-CV-4994-D
VS.                             §
                                    §
CODMAN & SHURTLEFF INC., et al.,  §
                                    §
           Defendants.    §

MEMORANDUM OPINION
AND ORDER

The instant motion and supplemental motion to remand this case—which has been

removed a second time—turn on whether the one-year removal limitation of 28 U.S.C.

§ 1446(b) applies to a case that was initially removable and whether defendants have

established that the amount in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs.  Concluding that the one-year removal period does not apply and that

defendants have met their burden of establishing the minimum jurisdictional amount, the

court denies the motion and supplemental motion to remand.

I

Plaintiff Joe Marion Franklin ("Joe") and his wife Sandra ("Sandra") ("the Franklins")

sued to recover damages for injuries Joe suffered during an operation.  The Franklins initially

filed suit in Texas state court on May 17, 2011 against Codman & Shurtleff, Inc., DePuy,

Inc., Johnson & Johnson, Inc., and John Does 1 and 2.  Defendants removed the case to this

court in June 2011 based on diversity jurisdiction.[1]  The following year, on May 17, 2012,

the Franklins filed a first amended complaint that added a nondiverse defendant, Methodist

Hospital of Dallas d/b/a Methodist Dallas Medical Center ("Methodist Hospital").  Methodist

Hospital filed an unopposed motion to remand for lack of subject matter jurisdiction under

28 U.S.C. § 1447(e), which this court granted in July 2012.

Once in state court, Methodist Hospital filed motions to dismiss, for summary

judgment, and to sever.  Just before the hearing on the motions on November 26, 2012, the

Franklins filed a notice of nonsuit with prejudice as to Methodist Hospital, effecting its

dismissal as a party-defendant.  With Methodist Hospital no longer a party and complete

diversity of citizenship restored, defendants removed the case a second time on December

5, 2012.

The Franklins move to remand, contending that removal is precluded by the one-year

limitation imposed by 28 U.S.C. § 1446(b).  They also maintain that equitable tolling does

not apply and that defendants waived equitable tolling by failing to oppose the Franklins'

motion for leave to amend and add Methodist Hospital as a party when the case was here the

first time.  In a supplement to their motion to remand, the Franklins move to remand on the

basis that the amount in controversy does not exceed the sum or value of $75,000, exclusive

of interest and costs.  Defendants oppose the motion and supplemental motion to remand,

---

[1]According to the original and second notices of removal, the Franklins are both
citizens of Texas.  Codman is incorporated in and has its principal place of business in
Massachusetts.  DePuy is incorporated in and has its principal place of business in Indiana.
Johnson & Johnson is incorporated in and has its principal place of business in New Jersey.

contending that the one-year deadline does not apply to suits that were initially removable, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## II

The court first addresses whether the instant removal was timely under § 1446(b).

Section 1446(b) prescribes the procedure for removal of civil actions and provides the following deadlines:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).[2]  The parties dispute whether the one-year deadline prescribed by the

_____

[2]Congress amended § 1446 in 2011, but the court will not consider the amended statute because it only applies to cases filed on or after January 6, 2012. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105, 125 Stat. 758, 762; *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, 2013 WL 139548, at *6 (N.D. Tex. Jan. 11, 2013) (Lindsay, J.).

second paragraph applies here.

It is well settled in the Fifth Circuit that

> the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time, and the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable.

*Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (citing *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)); *see also Marquis Acquisition, Inc. v. Steadfast Ins. Co.*, 2010 WL 2900339, at *3 (N.D. Tex. July 20, 2010) (Fitzwater, J.) ("The second paragraph of § 1446(b) applies by its terms only if the case stated by the initial pleading is not removable." (citation, brackets, and internal quotation marks omitted)).  Because it is undisputed that this case *was* removable when filed initially, the one-year deadline prescribed by § 1446(b) does not apply.

The Fifth Circuit addressed a similar situation in *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240 (5th Cir. 2011) (per curiam).  The defendants had initially removed the case pursuant to diversity jurisdiction, but the case was remanded because the plaintiffs amended their complaint to add a nondiverse defendant.  *Id.* at 241-42.  Years later, the plaintiffs amended their pleadings, this time naming only diverse parties as defendants.  *Id.* at 242. The defendants again removed the case based on diversity jurisdiction, although by then it was three years after the suit had commenced.  *Id.*  The Fifth Circuit affirmed the district court's denial of the plaintiffs' motion to remand, holding that the "the one-year removal period

- 4 -

stated in the second paragraph of 28 U.S.C. § 1446(b) is inapplicable because this case was removable on this initial pleading." *Id.* at 248.

Likewise, the court holds that defendants timely removed this case after the Franklins took a nonsuit of their action against Methodist Hospital and the parties were again completely diverse.[3]

### III

The court next considers the ground raised by the Franklins in their supplemental motion to remand: that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

### A

For this court to have diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). As the removing parties, defendants bear the burden of proving, by a preponderance of the evidence, that the amount in controversy meets the statutory requirement. *See Gresham v. SEI Invs. Mgmt. Corp.*, 2010 WL 1330640, at *1 (N.D. Tex. Apr. 5, 2010) (Fitzwater, C.J.) (citing

---

[3]The Franklins concede that defendants complied with the 30-day removal deadline established by § 1446(b). They also acknowledge that their nonsuit of Methodist Hospital constituted a new pleading or event that allowed a second removal (although they maintain the one-year deadline barred the second removal). *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." (citation and footnote omitted)).

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  Where, as here, the pleadings lack a specific monetary demand, defendants can meet their burden if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant[s] set forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Manguno*, 276 F.3d at 723. Pertinent to the instant motion to remand,

> [t]he jurisdictional facts that support removal must be judged at the time of the removal.  While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Because the amount in controversy is determined at the time of removal, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

B

Because defendants filed their notice of second removal on December 5, 2012, this is the relevant date for determining the amount in controversy.  Defendants maintain that, according to the Franklins' complaint and supplementary evidence, the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, at the time

of removal.[4]   Defendants provide a chronology of the amount of damages sought by the

Franklins during the course of litigation.   In September 2011, when this lawsuit was first

pending in this court, the Franklins made initial disclosures that stated that Joe sought $1.9

million in damages and Sandra sought $1.5 million.   Ds. Supp. App. A-4 at 4-5.   In March

2012 the Franklins made a settlement demand of $300,000, which included a calculation of

Joe's lost wages that totaled $105,000.   *Id.* at A-5 at 2-3.   The settlement demand states that

there is a reasonable probability that a jury would return a verdict in excess of $500,000.   *Id.*

at A-5 at 3.   When the Franklins amended their complaint in May 2012 to join Methodist

Hospital as a defendant, they alleged they had "suffered damages in an amount *in excess of*

*the minimum jurisdictional requirements of this court.*"   *Id.* at A-6 at 1 (emphasis added).

This same language remains in the Franklins' most recent pleading—their November 2012

second amended original petition.   Based on this evidence, defendants maintain that, at the

time of removal, the amount in controversy exceeded the sum or value of $75,000, exclusive

of interest and costs.

The Franklins respond by citing their February 2013 initial disclosures, which state

that Joe seeks $68,000 in damages and Sandra seeks $7,000.[5]   The Franklins acknowledge

---

[4]The court need not decide whether a sufficient amount in controversy is apparent on the face of the complaint, because the court concludes that defendants have adduced sufficient supplemental evidence to satisfy their burden of proof.

[5]If this reduction of damages to a total of exactly $75,000 was motivated by the jurisdictional threshold, the court notes that generally the damages sought by multiple plaintiffs are not aggregated for purposes of determining the amount in controversy.   *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

that this disclosure occurred after the time of removal.  As evidence of the amount in controversy on December 5, 2012, they refer to a telephone conversation between counsel that occurred days prior to removal.  The Franklins contend that this conversation notified defendants that "[p]laintiffs would be formally modifying their damages in light of recent findings and events, such that they would be seeking damages below $75,000."  Ps. Supp. Reply Br. 2.  Although such notice would support a finding that the amount in controversy had been decreased by the time of removal, the Franklins have not adduced any evidence that defendants were actually informed of such a reduction.  Demanding a settlement of $30,000 is not the same as informing defendants that the amount in controversy has been unalterably reduced.  The Franklins' attorney avers that the telephone conversation discussed the Franklins' "claims and damages, and the possibility of . . . making a new settlement demand to [defendants]."  Ps. Supp. Reply App. 1.  The affidavit does not state that the attorney informed defendants' counsel that the Franklins now sought damages below the sum or value of $75,000, exclusive of interest and costs.

The affidavit relates that the telephone conversation was memorialized in a December 6, 2012 letter to opposing counsel.  The letter does not disclose any intention to decrease the amount of damages sought.  In fact, the letter disputes defendants' position regarding damages, contending that defendants' motion for summary judgment will be denied because it "misapplies the law on the issue of mental anguish damages and overlooks the fact that [Joe] also has economic damages of past medical expenses and loss of earning capacity." *Id.* at 2.  The letter also expresses that the settlement offer of $30,000 would "at least

- 8 -

*partially* compensate [the Franklins] for their losses." *Id.* at 3 (emphasis added).

The court concludes that defendants have shown by a preponderance of the evidence that, at the time of removal, the amount in controversy was sufficient for jurisdiction. Defendants have shown that, until February 2013 (i.e., after removal, when the Franklins made initial disclosures), there was no explicit indication that the Franklins were reducing the amount they sought to recover. The only timely evidence the Franklins cite in response is the telephone conversation, but the court is unable to find that, during this conversation, their attorney informed defendants that they were reducing the amount of damages they were seeking. Because defendants have shown by a preponderance of the evidence that, at the time of removal, the amount in controversy satisfied the jurisdictional requirement, defendants have met their burden of demonstrating the court's diversity jurisdiction.

\* \* \*

For the reasons explained, the court denies plaintiffs' motion and supplemental motion to remand.

**SO ORDERED**.

April 30, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE